# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 20-1234V
UNPUBLISHED

| | |
|---|---|
| KRISTIN COWAN,<br><br>      Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>      Respondent. | Chief Special Master Corcoran<br><br>Filed: March 14, 2022<br><br>Special Processing Unit (SPU);<br>Ruling on Entitlement; Concession;<br>Table Injury; Influenza (Flu) Vaccine;<br>Shoulder Injury Related to Vaccine<br>Administration (SIRVA) |

*David Charles Richards*, Christensen & Jensen, P.C., Salt Lake City, UT, for Petitioner.

*Felicia Langel*, U.S. Department of Justice, Washington, DC, for Respondent.

## RULING ON ENTITLEMENT[1]

On September 21, 2020, Kristin Cowan filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleges that she suffered a shoulder injury related to vaccine administration ("SIRVA") as a result of an influenza vaccine received on September 21, 2018. Petition at 1. Petitioner further alleges the vaccine was administered in the United States, her injuries have persisted for more than six months, and she has not received compensation in the form of an award or settlement for her injuries, nor has she initiated a civil action for the injuries claimed in her petition. Petition at ¶¶ 3, 28, 30. The case was assigned to the Special Processing Unit of the Office of Special Masters.

---

[1] Because this unpublished Ruling contains a reasoned explanation for the action in this case, I am required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). **This means the Ruling will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

On March 9, 2022, Respondent filed his Rule 4(c) report in which he concedes that Petitioner is entitled to compensation in this case. Respondent's Rule 4(c) Report at 1. Specifically, Respondent agrees that "petitioner had no history of pain, inflammation, or dysfunction of the affected shoulder prior to vaccine administration that would explain the alleged signs, symptoms, examination findings, and diagnostic studies occurring after vaccine injection; she suffered the onset of pain within 48 hours of vaccine administration; her pain and reduced range of motion were limited to the shoulder in which the vaccine was administered; and there is no other condition or abnormality present that would explain her symptoms." *Id.* at 5-6. Respondent further agrees that "this case was timely filed, the vaccine was received in the United States, and petitioner satisfies the severity requirement by suffering the residual effects of her injury for more than six months after vaccine administration," and Petitioner avers that no civil action or proceedings have been pursued in connection with the vaccine-related injury. *Id.* at 6.

**In view of Respondent's position and the evidence of record, I find that Petitioner is entitled to compensation.**

**IT IS SO ORDERED.**

<u>**s/Brian H. Corcoran**</u>
Brian H. Corcoran
Chief Special Master